IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX N. SILL COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case Number CIV-14-105-C<br>) |
| AMERICAN INSURANCE COMPANY,<br>a member of the FIREMAN'S<br>FUND INSURANCE COMPANIES, | )<br>)<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On October 2, 2014, the Court denied Plaintiff's Motion and Ordered Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to register with the Oklahoma Secretary of State as required by 18 Okla. Stat. § 1130. Plaintiff filed a timely Response to which Defendant has lodged no objection. In its Response, Plaintiff asserts that it has now complied with Oklahoma's registration requirement and in the alternative that it is not required to register as it falls within the exception set forth in 18 Okla. Stat. § 1132(A)(4).

Plaintiff has provided a copy of the Certificate of Authority issued it by the Secretary of State. With that Certificate Plaintiff has complied with the requisite Oklahoma law and may proceed with its action. The only potential barrier is the timing of Plaintiff's registration vis-à-vis initiating this action. As Plaintiff notes, the statute does not forbid retroactive registration. The Court's research has not located any case where an Oklahoma court applied the statute to bar an action when the registration occurred after the suit was initiated.

Consequently, the Court finds interests of judicial economy favor permitting Plaintiff to move forward here, rather than requiring Plaintiff to refile. Finally, because Plaintiff has registered and obtained a Certificate of Authority, it is unnecessary to resolve whether Plaintiff falls within the exception set out in § 1132(A)(4).

As set forth more fully herein, the Court finds Plaintiff has satisfied the requirements set forth in the show cause Order.

IT IS SO ORDERED this 12th day of November, 2014.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge